# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Gulf Navigation Holding Company (Riyadh Branch), | ) ) ) ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) |
| International Shipping and Transportation Company LTD, | ) ) ) ) |
| *Defendant*, | ) ) ) |
| and | ) ) |
| SABIC Americas, Inc., | ) ) ) |
| *Garnishee*. | ) ) |

Civil Action No. _____

**IN ADMIRALTY**

## VERIFIED COMPLAINT AND REQUEST FOR ISSUANCE OF WRITS OF MARITIME ATTACHMENT AND GARNISHMENT

Plaintiff Gulf Navigation Holding Company (Riyadh Branch) ("Gulf Navigation" or "Plaintiff") brings this action against Defendant International Shipping and Transportation Company LTD ("ISTC" or "Defendant"), *quasi in rem*, pursuant to Supplemental Admiralty and Maritime Rule B for issue of writs of maritime attachment and garnishment, and states as follows:

### Jurisdiction and Venue

1. This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. This complaint is also brought pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, in that it involves a maritime transaction within the meaning of 9 U.S.C. § 1 and seeks to obtain security in assistance of contemplated London maritime arbitration proceedings pursuant to 9 U.S.C. § 8.

3. Venue is proper in this District because the Garnishee SABIC Americas, Inc. ("SABIC" or "Garnishee") is located and can be found in this District.  Defendant cannot be found in this District within the meaning of Supplemental Rule B.

## The Parties

4. Gulf Navigation is an Emirati corporation and has its principal place of business at 32nd floor, 3201, Saba Tower 1, Cluster E, JLT, Saba Tower 1 Sheikh Zayed Rd, Dubai, United Arab Emirates.

5. ISTC is a Saudi corporation, a subsidiary of Saudi Arabia Basic Industries Company (SABIC), and has its principal place of business at c/o SABIC, PO Box 5101, Riyadh, 11422, Saudi Arabia.

6. Garnishee is an entity registered to do business, and with offices located, in this District.  On information and belief, Garnishee holds property in which ISTC has an interest.

## Facts

7. On or about June 29, 2005, Gulf Navigation Group FZCO and ISTC entered into three fifteen-year time charter agreements (the "Time Charterers") pursuant to which Gulf Navigation Group FZCO agreed to let, and ISTC agreed to hire, the GULF FANATIR, GULF HUWAYLAT, and GULF JALMUDA (collectively, the "Vessels")

8. A series of corporate restructurings and acquisitions resulted in the Time Charterers being transferred to Gulf Navigation Agencies Limited, which was subsequently

acquired by Gulf Navigation. This acquisition resulted in Gulf Navigation succeeding to all the rights and obligations of Gulf Navigation Agencies Limited.

9. On or about December 13, 2005, the Gulf Fanatir Corporation, the Gulf Huwaylat Corporation, and the Gulf Jalmuda Corporation (collectively, "Owners")—who were at all times material to this action the respective owners of the Vessels—entered into three bareboat charter agreements (the "Bareboat Charters") with Gulf Navigation Agencies Limited.

10. The Bareboat Charters were subsequently re-executed in Gulf Navigation's name on or about March 19, 2012.

11. ISTC used the Vessels to *inter alia* ship parcels of acetone in 2011 and 2012.

12. At the time of each loading, the acetone cargo was allegedly on-specification in accordance with the permanganate fade test ("PFT"), a test of purity.

13. At the time of each discharge, however, the cargo was allegedly off-specification, resulting in cargo claims against the Vessels in the Ningbo Maritime Court.

14. The cargo claims were ultimately settled by Owners at significant cost.

15. Pursuant to the Bareboat Charters, Gulf Navigation is contractually required to indemnify Owners.

16. Pursuant to the Time Charters, ISTC is contractually required to indemnify Gulf Navigation.

17. Despite demand, ISTC has failed and/or refused to indemnify Gulf Navigation.

18. ISTC's failure and/or refusal to indemnify Gulf Navigation is a breach of the respective Time Charterers.

19. As a result of ISTC's breach of the Time Charterers, Gulf Navigation has suffered, or soon will suffer, damages of at least USD 1,000,000, which represents the collective

amounts incurred by Owners to settle the cargo claims plus the costs of Gulf Navigation's arbitration proceedings against ISTC.

## Count I – Breach of Maritime Contract

20. Gulf Navigation incorporates the above paragraphs as if fully set forth herein.

21. ISTC has breached its maritime contracts with Gulf Navigation (to wit, the Time Charters) as set out more fully above.

22. Despite repeated demand, Gulf Navigation remains unpaid for amounts due under the Time Charters and the amounts Gulf Navigation reasonably expects to incur as a result of ISTC's breach of maritime contracts.

23. Gulf Navigation demands judgment against ISTC as set forth more fully below.

## Count II – Maritime Attachment and Garnishment (Rule B)

24. Gulf Navigation incorporates the above paragraphs as if fully set forth herein.

25. Gulf Navigation seeks issue of process of maritime attachment so that it may obtain security for its claims in arbitration, including its contractual attorneys' fees and costs.

26. No security for Gulf Navigation's claims has been posted by ISTC or anyone acting on its behalf to date.

27. ISTC cannot be found within this district within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction—namely, its website and/or internet domain.

WHEREFORE, Gulf Navigation prays:

A. That process in due form of law issue against ISTC, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That since ISTC cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of ISTC's tangible

   or intangible property or any other funds held by any garnishee, which are due and owing to ISTC, up to the amount of at least **USD 1,000,000.00** to secure Gulf Navigation's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C.  That since it appears that the U.S. Marshal's Service lacks sufficient staff to effect service of process of Maritime Attachment and Garnishment promptly or economically, and that since appointing a person over 18 years of age and who is not a party to this action will result in substantial economies in time and expense, such a person be appointed pursuant to Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

D.  That upon attachment of the amount demanded, that this Court stay this action pending outcome of the parties' arbitration, and this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof; and

E.  That Gulf Navigation may have such other, further and different relief as may be just and proper.

Dated: June 20, 2016            **GREENHILL LAW GROUP, LLC**

                     */s/ Theodore A. Kittila*
                     Theodore A. Kittila (DE Bar No. 3963)
                     1000 N. West Street, Suite 1200
                     Wilmington, Delaware 19801
                     Phone:  (302) 414-0510 x700

**OF COUNSEL:**            Facsimile: (302) 595-9346
J. Stephen Simms, *pro hac vice pending*   Email:  ted@greenhilllaw.com
Marios J. Monopolis, *pro hac vice pending*
Simms Showers LLP           *Counsel for Plaintiff*
201 International Circle, Suite 250
Baltimore, Maryland 21030
Tel: (410) 783-5795
Fax: (410) 510-1789
Email: jssimms@simmsshowers.com
    mjmonopolis@simmsshowers.com

## **VERIFICATION**

I am an attorney of the law firm Simms Showers LLP, counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf.  I am authorized to make this verification on Plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District of Delaware.  There is no record of any general or resident agent authorized to accept service of process for International Shipping and Transportation Company LTD in this District.

Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on June 20, 2016.

_____
Marios J. Monopolis